Chief Justice Maeshall
delivered the opinion of the Court.
This was an action of trespass, quare clausum fregit, by Harris against Hill, for entering the plaintiff’s close with wagons, &c., and taking away a large number of bricks of the plaintiff. The defendant claimed as purchaser, under an execution against Harris in the hands of a Constable. And the only question presented is, whether a levy upon three thousand bricks, in a kiln containing a much larger number, without either separating the bricks levied on, or otherwise designating them, than as three thousand bricks on the lot of the defendant, is sufficient to authorize a sale, and whether a sale made in the same general terms is sufficient to authorize a subsequent selection and delivery of bricks by the officer to the purchaser.
It certainly was not necessary that the officer should have taken from the kiln the designated number of bricks, at the time of the levy. It was more convenient and better for all parties, that they should remain in the kiln, where they were reasonably safe from injury, than that they should either have been placed near it in one or more piles, or should have been removed from the lot. In the former case, they might have been liable to depredation, and might have been injm-ed in the act of removal. In the latter case, besides being sub-' ject to injury in being removed, it might become necessary, after the sale, to return a part of them to the place from which they were taken. It does not appear *121 what particular acts were done by the officer in making the levy. He returns that he levied on the bricks, and it is to be presumed that he did what was necessary for that purpose, unless the contrary appears. He was not bound to take the bricks away, but had a right, at his peril, to leave them in possession of the defendant, or in the place where he found them. It was not necessary actually to seize or to touch every individual brick. To have taken or touched one in the name of all would have been, in the technical sense, a formal levy. And we suppose that the actual touching of even one, at the time of the levy, was not necessary, so far at least as the defendant was concerned, to authorize the sale of the same bricks found at the same place on the day appointed for the sale.. It was sufficient that, at the time of the levy, they were in his power, and might, if necessary, have been touched or taken away? and that he indicated the levy by word or deed, or by entering it on the execution.
Then the real question in this case is, not as to the manner of making the levy, but as to the manner of describing the thing-or things levied on. And this, we think, depends upon the construction to be given to the terms used in describing the levy. The same reasons which dispense with the actual seizure of each individual brick intended to be sold, dispense also with a particular or separate description of each in making or stating the levy. The comparative insignificance of the individuals, separately considered, and their general similarity, authorize the use of general words in discribing them. If a part only of a mass of bricks is to be designated, the part might be designated as one half or as as one fourth or as a certain number, or as a certain number on a particular side or in a particular part of the mass, or as a certain number of hard or of soft, or of good or of bad bricks. The owner might undoubtedly sell a portion of the mass by either of these modes of description, and even if the purchaser should become thereby only a tenant in common, he could not be sued in trespass for taking his portion according to the des *122 cription. What then would be understood by a sale of a certain number of bricks in the mass, without reference either to position or quality? We think it would be understood as a sale of so many bricks, to be taken from the mass in the usual way, and as they come. If they be in a kiln which is unbroken, it is implied that upon opening the kiln in the usual way until that part is reached which presents bricks fit for use, the bricks then presented, are to be taken indiscriminately in the usual manner of taking bricks from the kiln. If the kiln has been opened before the sale, and the best bricks are in view, the sale of a certain number, without other designation, would be understood as referring to those which were nearest at hand, and it is presumed that the price would be proportioned to their quality.
The sale of a certain number of brides in a kiln implies the right of the purchase upon opening the kiln to take the requisite number of brick tit for use, indiscriminately in the usual way of taking bricks irom a kiln, and the sale is valid.
Barnes for plaintiff; Apperson for defendant.
As an officer, intending to levy upon three thousand bricks in a kiln of eighty thousand, (as in this instance,) could not properly remove all of the inferior bricks and take those of the best quality, wherever they might be found, but could only take the number in the usual manner, therefore, his return, that he had levied on the three thousand bricks, without further designation, should be understood as designating three thousand to be taken indiscriminately from that part of the kiln which is open, or if it be not already opened, to be taken indiscriminately after opening it in the usual manner. So understood, we think that the levy was sufficiently certain to authorize the sale, and that the sale in the same manner authorized the officer to deliver, and the purchaser to receive and carry away, the designated number of bricks taken in the mode above referred to. And this mode having, as appears, been substantially pursued in the present case, we are of opinion that the defence was made out, and that the Court to which the law and facts were submitted decided erroneously in rendering judgment for the plaintiff.
Wherefore, the judgment is reversed and the cause remanded for a new trial.